**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| IN RE: | |
| JEFFREY J. PROSSER | Bankruptcy No.  06-30009 (JKF) |
| Debtor(s) | Chapter 7 |
| | |
| JAMES P. CARROLL, Chapter 7 Trustee of the Estate of Jeffrey J. Prosser, | |
| Plaintiff | |
| v. | Adv. No. 08-3048 |
| NORTH SHORE REAL ESTATE CORPORATION, | **Related to Doc. No. 30, Motion for Summary Judgment filed on behalf of Trustee** |
| Defendant. | |

**MEMORANDUM OPINION**[1]

Before the court is Trustee's Renewed Motion for Summary Judgment dated March 17, 2010, seeking a determination that $72,720[2] in prepetition transfers and $42,420 in postpetition transfers from Debtor to North Shore Real Estate Corporation were fraudulent transfers, preferences or otherwise avoidable pursuant to 11 U.S.C. §§ 544, 547, 548 and 549, and recoverable under § 550.  The Court heard argument on April 7, 2010, and, after considering all of the facts and circumstances, finds that the Trustee has substantiated that there are no material

---

[1]The Court's jurisdiction was not at issue.  This Memorandum Opinion constitutes our findings of fact and conclusions of law.

[2]The Complaint and Motion for Default asked for $75,750.  However, it appears that the first transfer identified in the Complaint, in the amount of $3030, was outside the two-year statute of limitations period.  Thus, the proper demand is $72,720.

1

issues of fact in dispute and the Trustee is entitled to summary judgment as a matter of law.[3] Trustee's burden has been satisfied because North Shore has failed to respond to or answer any of Trustee's discovery requests, including the First Combined Set of Interrogatories, Requests for the Production of Documents and Requests for Admissions.[4] North Shore filed an untimely Opposition to the Renewed Motion for Summary Judgment and has submitted no evidence that sets out specific facts showing a genuine issue for trial.[5]

---

[3] Rule 56(c) of the Federal Rules of Civil Procedure provides that a moving party is entitled to summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A motion for summary judgment can be defeated by the non-moving party if evidence is produced to create a genuine issue of material fact. *El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007) (citing *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993)). However, if the movant has satisfied its burden under Rule 56(c), the non-moving party "may not rely merely on allegations or denials in its own pleading; rather its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 47 5 U.S. 574, 586 (1986). "Summary judgment may not be granted . . . if there be an issue presented as to existence of any material fact; and all doubts as to existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." *First Pennsylvania Banking & Trust Co. v. United States Life Ins. Co.*, 421 F.2d 959, 962 (3d Cir. 1969) (citing *Sarnoff v. Ciaglia*, 165 F.2d 167 (3d Cir. 1947)).

[4] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quoting Fed. R. Civ. P. 56).

[5] See notes 3 and 4, *supra*, with accompanying text. See also *Kelvin Cryosystems, Inc. v. Lightnin*, 252 Fed. Appx. 469, 472 (3d Cir. 2007)(a party's failure to respond to requests for admissions deems the matters admitted and is sufficient to support orders for summary

(continued...)

North Shore contends that the Renewed Motion for Summary Judgment filed on March 17, 2010, at Docket Number 30 should be denied because North Shore submitted an Affidavit of Dawn Prosser as part of Docket Number 25 on November 30, 2009. Docket Number 25 is North Shore's "Opposition" to the Trustee's original motion for summary judgment filed at Docket Number 22 and is not a response to the renewed motion filed at Docket Number 30. The Affidavit was attached to the Opposition and was not designated or served as a response, answer or objection to the Trustee's Requests for Admissions.

North Shore's Opposition states on the first page that "Defendant [North Shore] opposes the Motion for Summary Judgment as it is based on a defective Request for Admissions that was never served in accordance with the Federal Rules of Civil Procedure and there exists numerous issues (sic) of material fact. See Affidavit of Dawn Prosser which is attached and labeled as Exhibit "1". . . ." That is the only citation in the pleading to the Affidavit. North Shore clearly intended the Affidavit to put into dispute certain allegations in the Motion, and not to be a response to the Requests for Admissions.

Later, on page 4 of the same Opposition to the initial motion for summary judgment, North Shore states that "Since Plaintiff [Trustee] failed to *serve* any Requests for Admissions, North Shore can not be sanctioned for not responding to a pleading that was never *served*. And, since Plaintiff's [Trustee's] Motion for Summary Judgment is based entirely on 'facts' that they claim were 'deemed' admitted, by the failure to respond; the motion should be denied." This statement indisputably indicates that North Shore did not intend or consider the Affidavit to be a

---

⁵(...continued)
judgment); Fed.R.Bankr.P. 7036(a)(3).

response to the unserved Requests for Admissions.  Moreover, North Shore's Opposition to the initial motion was successful and the Court denied the original Motion for Summary Judgment on the grounds that the Motion was based on deemed admissions on a Request for Admissions that had not been properly served.

Despite having included the provisions quoted above in its initial Opposition, however, in paragraph 2 on page 1 of the untimely filed Opposition, Doc. No. 33,  to the Renewed Motion for Summary Judgment, North Shore incorrectly asserts that it "denied each of the Request (sic) for Admission in an affidavit by Dawn Prosser dated November 27, 2009 and filed on November 30, 2009."   North Shore's new construction of the Affidavit is clearly at odds with what North Shore alleged in its successful Opposition to the first motion.  Moreover, Mrs. Prosser's Affidavit does not, in fact, address "each" request for admission.  An examination of the Affidavit establishes that there was no mention in the Affidavit of **any** request for admission; the Affidavit is not labeled as a response to the Requests; the Affidavit is not attached to the Requests; the numbered paragraphs of the Affidavit do not conform to the numbered Requests for Admissions; and the Affidavit fails to address nearly half of the Requests in any way.

The numbered paragraphs of Mrs. Prosser's Affidavit, 12 in all, do not correspond to the numbered Requests for Admissions.  Paragraph 1 of the Affidavit is a recitation of Mrs. Prosser's affiliation with North Shore and a general denial that the transfers identified in the Complaint were made by the Debtor to North Shore.  This denial appears to address information sought in paragraph 1 of the Requests.  Paragraphs 2 through 12 of the Affidavit are stated to be denials of certain facts.  Although it appears that the denials in Affidavit paragraphs 2 through 12 address information requested in Request numbers 5, 6, 7, 8, 9, 10, 11, 13, 16, 18 and 22, Federal Rule of

Bankruptcy Procedure 7036(a)(4) states that if the request is not admitted, the answer to the request must specifically deny a request. It further requires that a denial "fairly respond to the substance of the matter." Otherwise, matters not denied are deemed admitted. Fed.R.Bankr.P. 7036.

Here, each of the Requests for Admissions includes a request for additional information. If an answer is other than "admitted," the Requests ask that "a full and complete explanation of [the] basis for not admitting the request, in whole or in part, including all facts relied on, produc[tion] of all documents relevant to [the] response and identifi[cation] of all steps taken to determine [the] response to this request" be provided. Although the Affidavit is written so as to deny the information in Requests 1, 5, 6, 7, 8, 9, 10, 11, 13, 16, 18 and 22, there are no facts identified on which the denials are based, no documents were produced and no identification of the steps taken to determine the response was provided. Rather, each paragraph of the Affidavit from 2 through 12, merely asserts "I deny that . . . ." or "For each Transfer set forth in the Complaint, I deny that . . . ." Thus, there was no meaningful effort made to comply with the operative rule of procedure or to address the specifics of the Requests. Indeed, the Affidavit is not even referred to as an answer, response or objection to the Requests for Admissions.

Furthermore, there was **nothing** in the Affidavit that purports to address Request numbers 2, 3, 4, 12, 14, 15, 17, 19, 20, 21 and 23. Thus, *arguendo,* to the extent that the Affidavit can be considered a Response to the Requests, those Requests not addressed in the Affidavit (i.e., 2, 3, 4, 12, 14, 15, 17, 19, 20, 21, and 23) are deemed admitted. Fed.R.Bankr.P. 7036(a)(3).

Significantly, Dawn Prosser's Affidavit was served as part of the original Opposition to the initial Motion for Summary Judgment in November of 2009, well after the due date for

5

responses to the original Motion but well before North Shore's counsel's agreement on the record on January 29, 2010, to respond to the discovery requests in 30 days, *i.e.,* by March 2, 2010. Counsel agreed to this response period without the need for being formally "served" with the Requests, as he already had them. *See* Tr. of 1/29/2010, Bankr. No. 06-30009, Doc. No. 2700, at 32. Nothing was filed by March 2, 2010. At the January 29, 2010, hearing the Court also established March 30, 2010, as the deadline for filing responses to the Renewed Motion for Summary Judgment. North Shore did not file a timely response to the Renewed Motion for Summary Judgment.[6] On April 1, 2010, Trustee's counsel filed a Certificate of No Objection, certifying that no response to the renewed motion had been filed or received. Only then, **after** the Certificate of No Objection was filed, did North Shore file (at Docket Number 33) its belated opposition to the renewed Motion for Summary Judgment. To date, North Shore has never responded to any of the discovery propounded by the Trustee.

As established by the record of the entire Adversary and the docket, North Shore has set upon a pattern and practice of filing pleadings[7] after the deadlines have passed: (1) North Shore's

---

[6]See *Kelvin Cryosystems, Inc. v. Lightnin*, *supra*, at 472: ("We have also acknowledged rules 'which require that a motion for summary judgment set forth a concise statement of the facts relied upon and that those facts will be accepted as true unless specifically contradicted in the response.'" [quoting *Anchorage Assocs. v. Virgins Islands Bd. of Tax Review,* 922 F.2d 176 n.7 (3d Cir. 1990) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573(3d Cir. 1976)]. As in this case, in *Kelvin,* the court noted that the party opposing summary judgment "had ignored multiple court orders directing it to produce discovery, consistently missed filing deadlines, and failed to provide satisfactory justification for its repeated delays." *Kelvin*, supra, at 472.

[7]The captions of North Shore's "pleadings" often fail to conform to the Federal Rules of Bankruptcy Procedure. For example, "Opposition" is not a designation addressed in those rules. However, the substance of the "Opposition" filed to the original Motion for Summary Judgment indicated that it was a response to that motion.

6

initial opposition to the first Motion for Summary Judgment was due on November 2, 2008, but was actually filed on November 30, 2009, more than a year after the due date. (2) North Shore obtained leave of court to file a late opposition to Trustee's motion for entry of default and default judgment, having missed that deadline. (3) North Shore filed a late response to the renewed Motion for Summary Judgment, without seeking leave of court. (4) North Shore has never complied with the discovery deadlines. North Shore apparently views court-imposed deadlines as suggestions rather than as Orders compelling timely performance.

Despite the opportunities the Court has provided in this Adversary for North Shore to properly plead its case and do what the Rules require, North Shore has chosen to ignore Court Orders and time frames established by the Court. North Shore has ignored them even after its counsel specifically agreed to certain deadlines. North Shore has offered no justifiable excuse for this conduct, which has increased the time devoted to this Adversary by all parties and the Court and multiplied the proceedings unnecessarily. There is likewise no justifiable reason for this Court to grant yet another opportunity.

Based on the submissions of the Trustee regarding this Motion, the file in this Adversary, the failure of North Shore to timely respond to the Renewed Motion for Summary Judgment and complete failure to respond to discovery, the deemed admissions based on North Shore's failure to respond to the Requests for Admissions, and the arguments of counsel, the Court further finds as follows:

On June 12, 2009, counsel for the Chapter 7 Trustee sent to counsel for North Shore by e-mail the Chapter 7 Trustee's First Combined Set of Interrogatories, Requests for the Production of Documents, and Requests for Admissions directed to Defendant (collectively, the "Discovery

7

Requests");

North Shore did not respond or object to the Discovery Requests, including the Requests for Admissions;

On November 10, 2009, the Chapter 7 Trustee filed his Motion for Summary Judgment (the "Initial Motion," Doc. No. 22) on the basis that North Shore admitted to the material facts necessary to establish the Chapter 7 Trustee's entitlement to summary judgment as a result of North Shore's failure to respond to the Requests for Admissions;

During the January 29, 2010 Omnibus hearing, after oral argument by the parties addressing the Initial Motion and the objections filed thereto, the Court found that the Discovery Requests had not been properly served; Tr. 1/29/2010, Bankr. No. 06-30009, Doc. No. 2700 at 32-32:

During the January 29, 2010, Omnibus hearing, the Court informed counsel that the Initial Motion would be denied without prejudice, but that responses to the Discovery Requests would need to be provided by North Shore;

The Court asked counsel for North Shore whether he waived service of the Discovery Requests and how much time he needed to serve responses to the Discovery Requests;

During the January 29, 2010 Omnibus hearing, North Shore, through its counsel, waived service of the Discovery Requests and informed the Court that 30 days would be sufficient and the Court therefore set March 2, 2010, as the deadline for responses; *id*. at 32;

North Shore failed to submit or serve any response, answer or objection to the Discovery Requests, including the Requests for Admissions, to the Chapter 7 Trustee on or before March 2, 2010;

8

Fed.R.Civ.P. 36, made applicable to adversary proceedings by Fed.R.Bankr.P. 7036, deems a request for admission admitted if the party does not respond to the request within thirty (30) days of service;

The Chapter 7 Trustee filed the Renewed Motion on March 17, 2010 (Doc. No. 30);

A response to the Renewed Motion for Summary Judgment was not timely filed;

The Chapter 7 Trustee filed a Certificate of No Objection on April 1, 2010 at approximately 12:58 p.m. (AST) at Doc. No. 32 certifying that no objection to the Renewed Motion had been filed by the deadline set by the Court in its Omnibus scheduling order; and

North Shore filed an Opposition to Plaintiff's Renewed Motion for Summary Judgment on April 1, 2010, at approximately 3:56 p.m. (AST), Doc. No. 33, after the expiration of the relevant objection deadline and has not, to date, served responses to the Requests for Admissions;

On April 14, 2010, North Shore filed a Motion for Reconsideration of the court's oral order granting summary judgment at the April hearing which was dismissed as premature because no written order was docketed.

For these reasons, Trustee's Renewed Motion for Summary Judgment will be granted.

An appropriate Order will be entered.

DATE: May 26, 2010

                                               Judith K. Fitzgerald
                                               United States Bankruptcy Judge

kdv

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
BANKRUPTCY DIVISION
DIVISION OF ST. THOMAS AND ST. JOHN

IN RE:

| | |
|---|---|
| JEFFREY J. PROSSER | Bankruptcy No. 06-30009 (JKF) |
| Debtor(s) | Chapter 7 |
| | |
| JAMES P. CARROLL, Chapter 7 Trustee | |
| | |
| v. | Adv. No. 08-3048 |
| | |
| NORTH SHORE REAL ESTATE CORPORATION | **Related to Doc. No. 30, Motion for Summary Judgment filed on behalf of Trustee** |
| North Shore | |

### JUDGMENT ORDER

For the reasons expressed in the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that

1. The Chapter 7 Trustee's renewed motion for summary judgment as to all causes of action in the complaint is granted; and

2. Final judgment is hereby entered in favor of the Chapter 7 Trustee and against North Shore Real Estate Corporation in the amount of **$115,140**.

It is **FURTHER ORDERED** that counsel for the Chapter 7 Trustee shall immediately serve a copy of this Memorandum Opinion and Order on all parties in interest who do not receive electronic notice and shall file a certificate of service forthwith.

DATE: May 26, 2010

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

kdv